UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JORGE FLORES,

                Plaintiff,

                      DECISION AND ORDER
      v.                        15-CV-315

CRED X DEBT RECOVERY, LLC, and
MICHAEL MURPHY,

                Defendants.

---

## INTRODUCTION

On April 11, 2015, the plaintiff, Jorge Flores, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Docket Item 1. The defendants, Cred X Debt Recovery, LLC, and Michael Murphy, failed to appear and defend this action, and the time to do so expired.[1] As a result, the plaintiff asked the Clerk of Court to enter defaults, which accordingly were entered on July 16, 2015, against Cred X Debt Recovery, LLC, and on October 13, 2015, against Michael Murphy. Docket Items 6 and 11. On July 5, 2016, the plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Docket Item 17. The plaintiff seeks $4,165.00 in damages, which includes $1,000 in statutory damages and $3,165.00 in attorneys' fees. After considering the plaintiff's memorandum of law and supporting documents, Docket Item 18, this Court grants the plaintiff's motion in part.

---

[1] The complaint also named defendants Doe 1-4; Flores voluntarily dismissed his claims against those defendants on July 5, 2016, however. Docket Item 16.

## BACKGROUND

Flores incurred consumer debt that the defendants sought to collect.[2] Docket Item 7 (amended complaint) ¶ 7. Toward that end, the defendants began leaving voicemail messages for Flores on December 27, 2014. *Id.* ¶ 8. The first message stated the following:

> Please take a moment of your time to assist you in resolving this matter. We have representatives that are here to help you. Contact us in the next couple of days for assistance. This message serves as a final reminder. Please call us today at 1-888-236-7147. Our office hours are Monday through Thursday 9:00am to 9:00pm, Friday 8:00am to 5:00p[m], and Saturday 9:00am to 12:00pm, eastern standard time. Again, our number is 1-888-236-7147. Thank you for your time.

*Id.* The defendants left a similar message twice more—on January 8, 2015, and January 13, 2015. *Id.* ¶¶ 9-10. "Increasingly concerned about the nature of [the defendants'] messages," Flores retained counsel and pursued this action. *Id.* ¶ 12.

## DISCUSSION

### A. Default Judgment

To obtain a default judgment, a party must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). In considering whether to enter a default judgment, the court accepts the factual allegations in the complaint and determines whether the alleged facts state a valid claim for relief; the court also has the

---

[2] Upon entry of default, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974)).

discretion to require further proof of necessary facts. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (discussing Fed. R. Civ. P. 55(b)(2)). As to damages, the court should take steps, including by hearing or referral when necessary, to establish an amount with reasonable certainty. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (discussing Fed. R. Civ. P. 55(b)(2)).

### B. FDCPA Claims

#### 1. Liability

The plaintiff asserts that the defendants violated the FDCPA by failing to disclose their identity as a debt collector in their messages and by continuing in their collection efforts without sending the plaintiff a written notice of the debt. Docket Item 7 ¶¶ 14-15; *see* 15 U.S.C. §§ 1692d(6), 1692e(11) (requiring disclosure of caller's identity as debt collector); 15 U.S.C. § 1692g (requiring written notice of debt within five days of initial contact).

The plaintiff has adequately alleged that the defendants' actions violated the FDCPA. There is, however, an added wrinkle. In addition to the debt collection company, Flores names Michael Murphy as a defendant.

"A high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector as long as the defendant was personally involved in the collection of the debt." *Williams v. Prof'l Collection Servs., Inc.*, No. CV 04-286 JS ARL, 2004 WL 5462235, at *4 (E.D.N.Y. Dec. 7, 2004). According to the amended complaint, Murphy is "the compliance officer" of defendant Cred X Recovery, LLC. Docket Item 7 ¶ 3. In that capacity, Murphy is "responsible for the policies and

3

procedures of the company, including those giving rise to [the plaintiff's] causes of action." *Id.* In addition, in his motion for default judgment, Flores explicitly says that he "has reason to believe that Murphy himself left the violative voicemail messages for [Flores]"; therefore, the amended complaint can plausibly be read as alleging that "Murphy, included as one of 'Defendants[,]' committed each action giving rise to [Flores's] three causes of action." Docket Item 18 at 3 n.1.

Taking the undisputed facts in the plaintiff's amended complaint as true, the Court is satisfied that Murphy is a "debt collector" under the FDCPA. The defendants' liability under the FDCPA therefore is established.

### 2. Damages

Under the FDCPA, a court may award each plaintiff up to $1,000 in statutory damages. 15 U.S.C. § 1629k(b)(1). Proof that the statute was violated warrants damages, "although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." *Savino v. Comput. Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

In calculating an appropriate award of statutory damages, the district court considers relevant factors such as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector. 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are rare and "are typically granted [only] in cases where a defendant's violations are 'particularly egregious or intimidating.'" *Carbin v. N. Resolution Grp., LLC*, 2013 WL 4779231, *2 (W.D.N.Y. Sept. 5, 2013) (quoting *Cordero v. Collection Co.*, 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)).

4

Here, Flores seeks $1,000 in statutory damages. Docket Item 18 at 9. His amended complaint alleges that he received three voicemails over a period of approximately two months. In support of his request for the statutory maximum, his sole argument is that "[a]djusting for inflation, $1,000 in 1977 would be $3,873.30 in 2015" and "[a]s such, today's victims of FDCPA violations recover comparatively little in relation to the original intent of the Act." *Id.* He does not argue that his case presents facts that are "particularly egregious or intimidating," nor does he cite any case law in support of his assertion that he is entitled to the statutory maximum merely by virtue of inflation.

The Court finds that a damages award of $1,000 is not warranted by the facts of this case. *See, e.g., Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716S, 2011 WL 334311, at *3 (W.D.N.Y. Jan. 28, 2011) (deeming $1,000 "excessive" where the defendant made numerous calls to the plaintiff's home and workplace and made empty threats of litigation). In light of the circumstances—three non-threatening voicemails—$250 is an appropriate amount of damages. *See, e.g., Twarozek v. Midpoint Resolution Group, LLC,* 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations); *Estay v. Moren & Woods, LLC,* No. 09–CV–620A, 2009 WL 5171881 at *2 (W.D.N.Y. Dec. 22, 2009) (awarding the plaintiff $250 where the defendant made harassing calls on more than one occasion, made empty threats of litigation, and improperly disclosed information about the plaintiff's debt to a third party); *cf. Hance v. Premier Recovery*

*Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 where the defendant called the plaintiff's home more than twenty times per month).

### 3. Attorneys' Fees

Under the FDCPA, the court has discretion to award reasonable attorneys' fees to successful litigants. *See* 15 U.S.C. § 1692k(a)(3). A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany*, 493 F.3d 110 (2d Cir. 2007) *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009). Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation").

In support of his motion, the plaintiff submitted time records indicating that 9.5 hours were expended by an attorney and 6.3 hours were expended by a paralegal in litigating the case. Docket Item 18-5. The requested hourly rate for Robert Amador, Esq., is $300 (totaling $2,850), and the requested hourly rate for the paralegal is $50 (totaling $315). Amador has "represented hundreds of consumers" in FDCPA cases "in over 35 different U.S. District Courts across the country." Docket Item 18-6 ¶ 4. The declaration supporting the plaintiff's motion for attorneys' fees does not indicate the level of experience of the paralegal who worked on the case.

Given recent case law in this district, the Court finds Amador's requested hourly rate of $300, as well as the $50 hourly rate for the paralegal, to be reasonable. *See Eades v. Kennedy, PC. Law Offices*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (awarding hourly rate of $300 for experienced FDCPA attorneys); *Langhorne v. Takhar Grp. Collection Servs., Ltd.*, No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (awarding hourly rate of $300 for Attorney Amador and $50 for paralegal). The Court also finds the 15.8 hours of work to be reasonable. Using the $300 hourly rate for Amador and the $50 hourly rate for the paralegal, this Court awards attorneys' fees to the plaintiff in the amount of $3,165.

## CONCLUSION

Accordingly, the plaintiff's motion for default judgment is granted in part in the amount of $3,415: $250 in statutory damages and $3,165 in attorneys' fees.

SO ORDERED.

Dated: October 3, 2019
Buffalo, New York

   *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE